IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAVANNA SPENCER,<br>        Plaintiff<br><br>        v.<br><br>PRISON HEALTH SERVICES, INC., et al.,<br>        Defendants. | C.A. No. 12-62 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendant Prison Health Services, Inc. [ECF No. 13] be denied.

### II.    REPORT

#### A.    Relevant Procedural History

On February 29, 2012, Plaintiff Ravanna Spencer, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania (SCI-Albion"),[1] filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Prison Health Services, Inc. ("PHS"); Dr. Tonlay, a dentist at SCI-Albion ("Tonlay"); and Maxine Overton, Chief Health Care Administrator at SCI-Albion ("Overton"). Plaintiff claims that: (i) Defendants Overton and Tonlay were deliberately indifferent to his serious dental needs in violation of his Eighth Amendment rights; (ii) Defendants Overton and Tonlay treated him differently than other similarly situated inmates in violation of his Fourteenth Amendment equal protection rights;

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Frackville, Pennsylvania ("SCI-Frackville").

(iii) Defendant PHS, in its supervisory capacity, is liable for the allegedly unconstitutional acts of Defendants Overton and Tonlay; and (iv) Defendants Overton and Tonlay were medically negligent. As relief for his claims, Plaintiff seeks compensatory and punitive damages.

Defendants Overton and Tonlay have filed an Answer denying the allegations of Plaintiff's complaint. [ECF No. 19]. Defendant PHS, however, has filed a motion to dismiss Plaintiff's claims against it, arguing that (i) Plaintiff has failed to exhaust his administrative remedies, and/or (ii) Plaintiff has failed to establish any policy, custom, or personal involvement implicating PHS. Alternatively, Defendant PHS moves to dismiss Plaintiff's claim for punitive damages. [ECF No. 13, 14]. Plaintiff has filed a brief in opposition to Defendant PHS's motion. [ECF No. 23]. This matter is now ripe for consideration.

### B. Relevant Factual History[2]

Plaintiff was transferred to SCI-Albion from SCI-Frackville on or about June 23, 2011. (ECF No. 3, Complaint, at ¶ 8). Although not specifically stated in the complaint, it is apparent from Plaintiff's allegations that he was placed in SCI-Albion's restricted housing unit ("RHU") upon his arrival at SCI-Albion. (See Id. at ¶¶ 18-20, 26-28, 40, 44). Just prior to being transferred to SCI-Albion, Plaintiff was advised by the dentist at SCI-Frackville that three of his teeth needed to be removed and that he would be in severe pain until their removal. (Id. at ¶ 7). As a result, Plaintiff was prescribed Ibuprofen and an unspecified antibiotic, and was scheduled to see a surgeon to have his teeth removed. (Id.).

Upon his transfer to SCI-Albion, Plaintiff informed a nurse that he was "feeling excruciating pain in his mouth and was due for surgery." (Id. at ¶ 8). Plaintiff was told to sign

---

[2] The factual recitation herein is gleaned from Plaintiff's allegations, which are accepted as true for the purpose of considering Defendant's motion to dismiss.

up for sick call, which he did; however, Plaintiff alleges that the request was ignored by Defendant Tonlay. (Id.). Plaintiff alleges that he submitted more sick call slips on July 7, July 8, and July 15, 2011, all of which were ignored by Defendant Tonlay. (Id. at ¶¶ 10-12). In addition, Plaintiff alleges that he submitted inmate requests to Defendant Overton on June 30, July 7, July 8, July 21, and August 1, 2011, all of which were also ignored. (Id. at ¶¶ 9-11, 13, 15).

On July 28, 2011, Plaintiff filed his first grievance against Defendants Tonlay and Overton, among others, to which no response was ever received. (Id. at ¶ 14). Plaintiff filed another grievance in August 2011, but received only a confirmation without a response. (Id. at ¶ 16).

On August 17, 2001, Plaintiff submitted another sick call slip and talked to a physician's assistant; however, Plaintiff did not receive any response from Defendant Tonlay. (Id. at ¶ 17). Plaintiff submitted both a sick call slip to Defendant Tonlay and an inmate request to Defendant Overton on August 28, 2011, but neither received a response. (Id. at ¶ 18). Plaintiff alleges that after submitting his August 28, 2011 requests, he talked to a "Nurse Fife", who confirmed that the dental department was receiving his sick call slips "but they don't like to treat inmates while they are in the hole." (Id.).

Plaintiff put in another sick call slip on September 5, 2011, and sent another inmate request to Defendant Overton on the same date. (Id. at ¶ 19). The next day Plaintiff was released from the RHU to general population, and Defendant Overton responded to Plaintiff's inmate request indicating that he had been scheduled to see Defendant Tonlay on September 9, 2011. (Id.). During his examination of Plaintiff on September 9, Defendant Tonlay allegedly told Plaintiff that he was not seen previously because "it is difficult to see inmates in segregation/restricted housing units." (Id. at ¶ 20). Defendant Tonlay also confirmed that Plaintiff's teeth needed to be removed, gave Plaintiff "pain killers and antibiotics," and stated that

3

Plaintiff would be put on a list to see the oral surgeon. (Id.). Plaintiff remained at SCI-Albion until September 22, 2001, when he was transferred back to SCI-Frackville. (Id. at ¶ 21). At that time, Plaintiff had still not see an oral surgeon. (Id.).

### C. Standards of Review
#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

4

at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a

complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### **D.** **Discussion**
#### **1.** **Exhaustion**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:
> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id. (Emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3]  The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis,

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

According to the U.S. Supreme Court, the PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387-2388 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id.

A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). It is the burden of a defendant asserting the defense to plead and prove it. Id.

Here, the Defendant PHS asserts that "[t]here is nothing in the Complaint to establish the grievance procedures were pursued with respect to PHS." (ECF No. 14, Defendant's Brief, at p. 10). However, Defendant cannot simply rely upon its interpretation of Plaintiff's allegations regarding the steps he may or may not have taken to resolve his administrative grievances, as Plaintiff is not required to plead exhaustion with particularity. Kertes, 285 F.3d at 297. Instead, it is the burden of a defendant asserting the exhaustion defense to plead and prove it. Id. This Defendant has failed to do. Accordingly, Defendant PHS's motion to dismiss the complaint based upon Plaintiff's alleged failure to exhaust administrative remedies must be denied.

### 2. *Respondeat Superior*

"Just as a municipal corporation is not vicariously liable upon a theory of *respondeat*

*superior* for the constitutional torts of its employees, a private corporation is not vicariously liable under Section 1983 for its employees' deprivations of others' civil rights." Williams v. Sebek, 2007 WL 790386 at * 6 (W.D.Pa. Mar. 14, 2007)(citations omitted). Thus, to assert a claim against PHS, "Plaintiff must show that a constitutional deprivation resulted from an official custom or policy or, alternatively, from the actions of an official with 'final authority to establish municipal policy.'" Id., quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986).

Here, Defendant PHS asserts that "Plaintiff fails to identify any policy or practice which directly caused constitutional harm to him," and that "[n]o affirmative link appears between the alleged misconduct or the policy or custom of PHS." (ECF No. 14, Defendant's Brief, at p. 7). The Court disagrees.

Plaintiff alleges that Defendant PHS "has a practice and custom to treat inmates in restricted housing units with dental problems differently from inmates in the RHU for other medical problems," and "maintain a discriminatory practice that prohibited Plaintiff access to immediate health care... [which]... left Plaintiff in pain." (ECF No. 3, Complaint, at ¶¶ 26, 44, 46). Broadly construed, these allegations indicate that, due to PHS's alleged policy or practice, Plaintiff was refused necessary dental treatment while he was housed in SCI-Albion's RHU, which caused him to suffer undue pain. Giving Plaintiff the benefit of all inferences to which he is entitled at the pleadings stage, this Court finds that Plaintiff has met the minimal standards necessary to state a cognizable claim against PHS for maintaining an unconstitutional policy of providing inadequate dental care. As a result, Defendant PHS's motion to dismiss such claim should be denied.

### 3. Punitive Damages

Defendant PHS moves to dismiss Plaintiff's claim for punitive damages, arguing that

"Plaintiff's Complaint fails to plead facts that would demonstrate that the within Defendant's actions were callous or reckless." (ECF No. 14, Defendant's Brief, at p. 8). Once again, the Court disagrees.

Punitive damages in Section 1983 cases are available where the defendant is found to have acted with a "reckless or callous disregard of, or indifference to, the rights and safety of others." <u>Bennis v. Gable</u>, 823 F.2d 723, 734 (3d Cir. 1987), <u>quoting</u> <u>Smith v Wade</u>, 461 U.S. 30, 56 (1983). Here, if Plaintiff is successful in proving that Defendant PHS had a policy or practice of refusing to provide dental treatment to RHU inmates, which caused him to suffer prolonged suffering and undue pain, such behavior could be found reckless, callous, and/or indifferent to Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Accordingly, Plaintiff's demand for punitive damages should be allowed to remain at this early stage of the proceeding.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant Prison Health Services, Inc. [ECF No. 13] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: August 1, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge